IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDGAR MARTIN HURLBURT, Jr.,** : | |
| : | |
| Petitioner : | CIVIL NO. 1:CV-03-0665 |
| : | |
| v. : | (Judge Rambo) |
| : | |
| **KENNETH D. KYLER,** *et al.,* : | |
| : | |
| Respondents : | |

## **M E M O R A N D U M**

### I.   **Background**

Petitioner, Edgar Martin Hurlburt, Jr., an inmate at the State Correctional Institution in Huntingdon, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus, construed by this court as a petition for relief under 28 U.S.C. § 2254. Named as Respondents are the following: (1) Kenneth D. Kyler; (2) the District Attorney for Snyder County, Pennsylvania; and (3) the Attorney General of Pennsylvania. Petitioner pled guilty to first-degree murder on February 16, 1994 in Snyder County Court of Common Pleas in Huntingdon, Pennsylvania, and was sentenced to life imprisonment without parole.

Although Petitioner did not file a direct appeal, he filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA") on April 28, 1994.  On May 2, 1994, the trial court appointed PCRA counsel to Petitioner, and the case was inexplicably dormant for several years, notwithstanding Petitioner's apparent efforts to keep the case moving.  In November 2001, while represented by PCRA counsel, Petitioner filed an amended PCRA petition.  The PCRA hearing was not commenced until July 17, 2003, which was long after the PCRA was initiated, nearly three months after filing the instant action, and nearly two years after the amended PCRA petition was filed.  The PCRA hearing concluded on August 7, 2003.  (Doc. 14 at 2-3.)

Petitioner commenced the instant action while his PCRA was pending with the state trial court.  Respondents answered the habeas petition, claiming that Petitioner had failed to exhaust his state court remedies.  Although the court concluded that Petitioner had failed to exhaust state court remedies, the court acknowledged that exhaustion may be excused by a showing of inordinate delay by the state in processing Petitioner's claims for PHRA relief.  *See Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir. 2004).  While this exception is inapplicable to issues <u>not previously raised</u> in a timely post-conviction proceeding, it may remedy the failure to exhaust the PCRA issues preserved in the amended petition.  Consequently, by order dated September 30, 2004

(Doc. 31), Petitioner's motion for leave to supplement the record and amend his petition was granted, "but only to the extent that such issues have been preserved in his amended PCRA petition.  (*See* Doc. 15, Attachment #4, Amendment to Post Conviction Relief Act Petition at 4.)"  (Doc. 31 at 7.)

Thereafter, Petitioner filed an amended habeas petition (Doc. 32), and Respondents have filed an answer (Doc. 35) and a memorandum of law (Doc. 36), in which they again argue that Petitioner has failed to exhaust his state court remedies. Petitioner filed a traverse (Doc. 38), conceding failure to exhaust, and requesting this court to excuse the failure.  The matter has been fully briefed and is ripe for disposition.  For the reasons set forth below, the petition will be dismissed without prejudice.

## II.   Discussion

Respondents claim that Petitioner has failed to exhaust his state court remedies on the issues raised in the amended petition.  "A federal court may not grant a writ of habeas corpus unless (1) 'the applicant has exhausted the remedies available in the courts of the state,' (2) no such state remedy is available or (3) available remedies are ineffective to protect the applicant's rights."  *Henderson v. Frank*, 155 F.3d 159, 164

(3d Cir. 1998) (citing 28 U.S.C. § 2254(b)(1)).  "The exhaustion requirement is satisfied when the state courts have had an opportunity to pass upon and correct alleged constitutional violations." *Evans v. Court of Common Pleas, Delaware County, Pa.*, 959 F.2d 1227, 1230 (3d Cir. 1992).   The exhaustion requirement "is not a mere formality.  It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a federal prisoner's federal rights." *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986).

The habeas corpus petitioner shoulders the burden of establishing exhaustion of state court remedies. *McMahon v. Fulcomer*, 821 F.2d 934, 940 (3d Cir. 1987). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971).  "All claims that a petitioner in state custody attempts to present to a federal court for habeas review must have been fairly presented to each level of the state courts." *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).  Fair presentation requires that the "substantial equivalent" of a petitioner's federal habeas claim be presented to the state courts. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d

Cir. 1997). In addition, "the state court must have available to it the same method of legal analysis as that to be employed in federal court." *Id*.

Notwithstanding the foregoing, as this court previously acknowledged (Doc. 31), exhaustion may be excused by a showing of inordinate delay by the state in processing claims for relief. *See Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir. 2004). Such relief is especially appropriate in this case, where the PCRA petition was filed on April 28, 1994, and the PCRA hearing was not commenced until July 17, 2003. More than a decade transpired between the filing date of the PCRA and the trial court decision on the petition. Furthermore, it appears that the delay occurred through little or no fault of Petitioner. To the contrary, at one point Petitioner had taken steps to terminate representation of court-appointed PCRA counsel, apparently in an effort to revitalize the case. Consequently, this court permitted an amended habeas petition to incorporate those issues that Petitioner had sought to exhaust through state court proceedings. However, Petitioner's amended petition was to be limited to the PCRA issues preserved in the amended PCRA petition. (*See* Doc. 31 at 7.) Since the court finds that the issues raised in Petitioner's amended habeas petition (Doc. 32) have not been uniformly preserved in his amended PCRA petition, and since the PCRA is now

5

moving forward with an appeal filed to the State Superior Court, the amended habeas petition will be dismissed without prejudice to exhaust all of Petitioner's issues.

The following issues were set forth in Petitioner's amended PCRA petition, to which this court limited the issues in the amended habeas petition:

> Plea counsel was ineffective by:
>
> (1) failing to conduct adequate pretrial investigations, as well as proceeding to a guilty plea absent investigative reports;
>
> (2) failing to advise the trial court of a conflict of interest being present in the petitioner's case through the trial court's appointment of Skip Gochenour as a special investigator;
>
> (3) advising the petitioner that he would be able to have his sentence commuted after fifteen to twenty years if he pled guilty to first degree murder;
>
> (4) allowing the petitioner to plead guilty to first degree murder when the trial court had not fully informed the petitioner as to the elements of first, second, and third degree murder, nor the elements of voluntary and involuntary manslaughter;
>
> (5) making materially false statements to the trial court concerning her investigations of the petitioner's case and her having fully informed the petitioner as to the defenses available to him;
>
> (6) allowing the petitioner to plead guilty via proscribed inducements by the case prosecutor;

>(7) not filing a post verdict motion to withdraw the
>petitioner's guilty plea based upon its being
>unconstitutionally deficient;
>
>(8) not preserving meritorious issues for appeal, and by not
>filing a direct appeal.

(Doc. 15, Attach. #4, Amendment to Post Conviction Relief Act Pet. at 4.)  By contrast, Petitioner raises the following issues in his amended habeas petition:

>(1) Whether the Post Conviction Relief Act Court ("PCRA
>Court") and the Appellant's PCRA Counsel denied the
>Appellant due process and equal protection of the law, and
>his speedy appeal rights, by failing to address his claim that
>he is entitled to a discharge from his conviction due to an
>inordinate delay in the litigation and disposition of his PCRA
>petition;
>
>(2) Whether the PCRA Court abused its discretion and
>denied the appellant due process and equal protection of the
>law, by denying PCRA relief upon the basis that his guilty
>plea was unlawfully induced as a result of ineffective
>assistance of counsel by his plea counsel;
>
>(3) Whether the PCRA Court, the Commonwealth, and all of
>the Appellant's prior counsel, denied him due process and
>equal protection of the law by not telling him that one of his
>plea counsel represented him under a conflict of interest by
>having been the PCRA Court's former law clerk;
>
>(4) Whether the PCRA Court denied the Appellant due
>process and equal protection of the law by determining that
>the Philadelphia Rules of Court in regard to the qualifications

7

> of an attorney in a criminal homicide case, were not
> applicable to the Appellant's case.

(Doc. 32-1 at 3-4.)

Of the four (4) issues raised in the amended habeas petition, only one, Issue #2, is arguably related to the issues preserved in the amended PCRA petition. Issue #1, related to inordinate delay of the PCRA proceeding, and Issue #4, related to application of the Philadelphia Rules of Court for defense counsel, do not appear anywhere in the amended PCRA issues. Moreover, Petitioner concedes that he is raising Issue #3 for the first time on appeal. (Doc. 32-1 at 4.) Thus, although none of the issues in the amended habeas petition have been exhausted, Issue #2 is the only issue for which exhaustion may be excused. By contrast, Issue #1, #3 and #4 have not been inordinately delayed in resolution, thereby excusing the exhaustion requirement. Further, while Issue #2 had been inordinately delayed, the PCRA is now proceeding appropriately, with an appeal filed to the Pennsylvania Superior Court. Consequently, Petitioner's amended habeas petition is a mixed petition, presenting unexhausted claims as well as a claim for which exhaustion is excused.

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas

8

corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Therefore, since the amended habeas petition presents unexhausted claims for which exhaustion is not excused, since Petitioner may not be excused from exhausting his unexhausted claims, *see* 42 Pa. Cons. Stat. § 9545(b)(1), and since a decision on the merits of the habeas petition would present difficulties to Petitioner in presentation of the unexhausted issues in a subsequent habeas petition, *see* 28 U.S.C. § 2244(b)(2), the court will dismiss the petition without prejudice. However, Petitioner is forewarned of the applicable statute of limitations for any subsequent habeas petition filed in this court. *See* 28 U.S.C. § 2244(d)(1).[1]  An appropriate order will issue.

                                                      s/Sylvia H. Rambo
                                                      SYLVIA H. RAMBO
                                                      United States District Judge

Dated:  June 20, 2005.

---

[1] 28 U.S.C. § 2244(d) states, in relevant part:

> (1) A 1-year statute of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court . . .
> (2) The time during which a properly filed application for State . . . collateral review . . . is pending shall not be counted toward any period of limitation under this subsection.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**EDGAR MARTIN HURLBURT, Jr.,** :
:
    **Petitioner** : **CIVIL NO. 1:CV-03-0665**
:
**v.** : **(Judge Rambo)**
:
**KENNETH D. KYLER,** *et al.* :
:
    **Respondents** :

## O R D E R

**AND NOW**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) The amended petition for writ of habeas corpus (Doc. 32) is **DISMISSED,** without prejudice.

2) There is no basis for the issuance of a certificate of appealability.

3) The Clerk of Court is directed to close this case.

                                                    s/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated: June 20, 2005.