IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**EDGAR MARTIN HURLBURT, Jr.,**    :
                                                      :
            **Petitioner**       :       **CIVIL NO. 1:CV-03-0665**
                                                      :
       **v.**                    :       **(Judge Rambo)**
                                                      :
**KENNETH D. KYLER, *et al.*,**         :
                                                      :
          **Respondents**     :

# M E M O R A N D U M

## I.      Background

Petitioner, Edgar Martin Hurlburt, Jr., an inmate at the State Correctional Institution in Huntingdon, Pennsylvania, commenced this action with a petition for writ of habeas corpus, construed by this court as a petition for relief under the provisions of 28 U.S.C. § 2254.  Petitioner pled guilty to first-degree murder on February 16, 1994, in Snyder County Court of Common Pleas in Huntingdon, Pennsylvania, and was sentenced to life imprisonment without parole.

Although Petitioner did not file a direct appeal, he filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA") on April 28, 1994.  On May 2, 1994, the trial court appointed PCRA counsel to Petitioner, and the case was

inexplicably dormant for several years, notwithstanding Petitioner's apparent efforts to keep the case moving.  In November of 2001, while represented by PCRA counsel, Petitioner filed an amended PCRA petition.  The PCRA hearing was not commenced until July 17, 2003 (long after the PCRA was initiated, nearly three months after filing the instant action, and nearly two years after the amended PCRA petition was filed), and it concluded on August 7, 2003.  (Doc. 14 at 2-3.)

Petitioner commenced the instant action while his PCRA was pending with the state trial court.  Respondents answered the habeas petition, claiming that Petitioner had failed to exhaust his state court remedies.  Although the court concluded that Petitioner had failed to exhaust state court remedies, the court acknowledged that exhaustion may be excused with an inordinate delay by the state in processing claims for relief.  *See Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir. 2004).  While this would not provide relief on the issues <u>not previously raised</u> in a timely post-conviction proceeding, it may remedy the failure of exhaustion of the issues preserved in the amended PCRA petition.  Consequently, by order dated September 30, 2004 (Doc. 31), Petitioner's motion for leave to supplement the record and amend his habeas petition was granted, "but <u>only</u> to the extent that such issues have been preserved in his amended PCRA petition.  (*See* Doc. 15, Attachment #4, Amendment to Post

Conviction Relief Act Petition at 4.)"  (Doc. 31 at 7.)  Thereafter, Petitioner filed an

amended habeas petition (Doc. 32).  Respondents again argued that Petitioner has

failed to exhaust his state court remedies.  Petitioner filed a traverse (Doc. 38),

conceding failure to exhaust, and requesting this court to excuse the failure.

By order dated June 20, 2005, this court denied the habeas petition, without

prejudice.  The Court concluded that the petition was a mixed petition, presenting both

exhausted and unexhausted claims, and the court concluded that exhaustion could be

excused for inordinate delay on some, but not all, of the unexhausted issues.

Thereafter, petitioner filed an appeal (Doc. 48) of this court's order dismissing the

habeas petition, to the United States Court of Appeals for the Third Circuit.  Presently

before the Court is Petitioner's motion for reconsideration (Doc. 47) of the Court's

order dismissing the habeas petition, as well as Petitioner's motion for leave to

proceed *in forma pauperis* (Doc. 49) on appeal.  For the following reasons, the

motion for reconsideration will be denied and Petitioner's motion to proceed *in forma*

*pauperis* on appeal will be granted.

## II.   Discussion

### A.  Motion For Reconsideration

A motion for reconsideration is a device of limited utility.  It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  It has also been held that a motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension."  *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion, Petitioner fails to demonstrate a change of law, new evidence, or a need to correct clear error of law that indicates his previous claim merits reconsideration.  Petitioner claims that the Court overlooked his supplemental documents, titled "Submission of State Court Filings and Decisions pursuant to

4

Federal Rule of Appellant [sic] Procedure 28(j)"[1] (Doc. 45), docketed in this case on May 17, 2005.  Incorporated in the supplemental documents, as Exhibit 1, is a final decision of the Pennsylvania Superior Court ("Superior Court decision") dated April 26, 2005, affirming the denial of Petitioner's PCRA petition.  Although Petitioner claims that this document establishes exhaustion of his state court remedies on the issues presented in this case, he is mistaken.

At the outset, the court notes that the Superior Court decision was issued after this case was commenced, thus establishing that Petitioner had not exhausted state court remedies on the date the instant petition was filed.  Further, Petitioner's supplemental documents were submitted to this court prior to the expiration of the appeal period for the Superior Court decision.  Consequently, the court is unable to determine whether Petitioner has timely filed an appeal of the Superior Court decision since submission of the supplemental documents to this court.

Moreover, although this court recognized eight issues preserved in Petitioner's amended PCRA (*see* Doc. 46 at 6-7), and identified four issues in

---

1.    The court notes that the Federal Rules of Appellate Procedure are inapplicable to § 2254 habeas proceedings in the district court; instead the district courts are guided by the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or the rules applicable to habeas corpus cases.  *See* Rule 11 ("Applicability of the Federal Rules of Civil Procedure") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).

Petitioner's amended habeas petition (*see* Doc. 46 at 7-8), the Superior Court opinion references only one issue (*see* Doc. 45, Ex. 1 at 3.)  Thus, even if final, the Superior Court decision does not establish that Petitioner has exhausted his state court remedies on the issues presented in this case.  Furthermore, even if Petitioner's amended PCRA has been exhausted, three of the four issues raised in Petitioner's amended habeas petition to this court had not been properly preserved because they were not raised in the amended PCRA petition.  (*see* Doc. 46 at 8.)  Petitioner has failed to present any change of law, new evidence, or a need to correct clear error of law indicating that the court should reconsider its dismissal of the amended habeas petition on that ground.

Petitioner argues that if the court concludes that Petitioner has not exhausted his state court remedies, the court should issue a stay of the instant action, rather than dismiss without prejudice, citing *Crews v. Horn*, 360 F.3d 146 (3d Cir. 2004).   In *Crews*, the United States Court of Appeals for the Third Circuit held that "district courts have the discretion to stay mixed habeas petitions but that . . . when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Id*. at 154.  Petitioner has failed to present evidence, and the court knows of none, to establish that dismissal of the instant petition could

jeopardize the timeliness of a collateral attack.[2]  Furthermore, since Petitioner has

omitted some PCRA issues from the instant case, a decision on the merits of the

instant petition would limit Petitioner's ability to file a second habeas petition on the

excluded issues.  *See* 28 U.S.C. § 2244(b)(2).  Accordingly, Petitioner's motion for

reconsideration will be denied.

### B.  Motion For Leave to Proceed *In Forma Pauperis*

Also pending is Petitioner's motion for leave to proceed *in forma pauperis*

on appeal.  Under the provisions of Federal Rule of Appellate Procedure 24(a)(3), "[a]

party who was permitted to proceed in forma pauperis in the district-court [habeas]

action . . . may proceed on appeal in forma pauperis without further authorization . . .

."  Fed. R. App. P. 24(a)(3).  Since this court previously granted Petitioner leave to

proceed *in forma pauperis* (Doc. 10-1 at 1) in this case, his motion will be granted.

An appropriate order will issue.

                                    s/Sylvia H. Rambo
                                    SYLVIA H. RAMBO
                                    United States District Judge

Dated:  October 25, 2005.

---

2 .    Petitioner was sentenced on February 16, 1994, the PCRA petition was filed on April 28, 1994, and
the Superior Court affirmed the PCRA court decision dismissing the petition on April 26, 2005.  Thus, a
review of the record supports a conclusion that Petitioner has several months remaining in the one-year
limitation set forth in 28 U.S.C. § 2244(d).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**EDGAR MARTIN HURLBURT, Jr.,**       :
                                      :
          **Petitioner**              :       **CIVIL NO. 1:CV-03-0665**
                                      :
     **v.**                           :       **(Judge Rambo)**
                                      :
**KENNETH D. KYLER,** *et al.,*       :
                                      :
          **Respondents**             :

## O R D E R

**AND NOW, THEREFORE,** in accordance with the foregoing memorandum,

**IT IS HEREBY ORDERED THAT:**

1) Petitioner's motion for reconsideration (Doc. 47) is **DENIED**.

2) Petitioner's motion for leave to proceed *in forma pauperis* on appeal (Doc. 49) is **GRANTED**.

                                      s/Sylvia H. Rambo
                                      SYLVIA H. RAMBO
                                      United States District Judge

Dated:  October 25, 2005.